**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TONI D. HORNSBY, | No. 24-5422 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-06047-MLP |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted October 20, 2025
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Toni D. Hornsby appeals the district court's order affirming an

Administrative Law Judge's (ALJ) denial of Social Security Administration

disability benefits for the period from November 2004 to December 2009.

Because the parties are familiar with the facts, procedural history, and arguments

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

underlying this appeal, we do not detail them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We vacate the district court's order and remand for further proceedings consistent with this disposition.

"We 'review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'"  *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Following a psychotic episode in 1988 that resulted in hospitalization, Hornsby was diagnosed with severe mental illness on the schizophrenia spectrum that significantly limits his ability to perform basic work activities.[1]  The Army conducted a psychiatric evaluation in 1988, and Hornsby underwent three

[1]     We refer to the diagnoses as on the "schizophrenia spectrum" because evaluators have suggested that Hornsby suffers from either schizophreniform disorder, schizophrenia, or schizotypal personality disorder.  The ALJ concluded Hornsby suffers from a severe impairment of schizophrenia.  There is debate in the psychiatric community as to how to categorize schizophrenia and schizotypal personality disorders, with some researchers suggesting these disorders should be viewed on a spectrum of severity.  *Schizotypal personality disorder*, Mayo Clinic (June 7, 2024), https://www.mayoclinic.org/diseases-conditions/schizotypal-personality-disorder/symptoms-causes/syc-20353919.

evaluations in 2004, 2007, and 2010 to establish eligibility for Veteran's Administration disability benefits. All four evaluations determined that Hornsby lacked insight into his condition, denied he was ill, and refused or would be likely to refuse treatment. The examiners also observed that Hornsby demonstrated grandiosity and some level of confusion or disordered thinking.

The ALJ found the medical opinions from 2007 and 2010 to be unpersuasive, largely because he determined there were inconsistencies in the record that contradicted those opinions. More specifically, the ALJ emphasized that Hornsby denied mental health symptoms and had not sought mental health treatment; that he had reported plans to engage in extensive international travel in 2013 and 2015; and that care providers' notes reflected self-reported vocational and educational histories suggesting Hornsby might be capable of gainful employment. Noting these perceived discrepancies and finding no exertional limitations, the ALJ determined that the record did not support the "intensity, persistence, or functionally limiting effects" of the limitations that Hornsby reported. *See* 20 C.F.R. § 404.1529. The ALJ concluded that Hornsby retained residual functional capacity (RFC) to work in jobs that exist in substantial numbers in the economy. *See* 20 C.F.R. § 404.1520(a). Reviewing the record in its entirety, we conclude that the ALJ's decision was not supported by substantial evidence.

24-5422

First, the ALJ evaluated the evidence with apparent disregard for the psychiatric examiners' consistent observation that Hornsby lacks insight into his illness and likely would not seek treatment. *See Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985) (requiring that the ALJ pay "[]adequate attention to the well-substantiated, unanimous, and uncontradicted diagnoses of the psychiatric experts"). Hornsby also testified he had experienced severe adverse reactions to prescribed psychiatric medication. The ALJ pointed to Hornsby's lack of mental health treatment and his denial of symptoms as a reason to discount his testimony, but this evidence is *consistent* with his psychiatric record. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)); 20 C.F.R. § 404, Subpart P, App. 1.12.G.2(b) (recognizing that "lack of compliance with treatment" can be a "feature" of a "mental disorder"). The ALJ's approach also diverged from the Social Security Administration's guidance, which provides that the agency will not use a claimant's failure to seek treatment to establish inconsistency without considering the possible reasons for that failure. SSR 16-3p, 82 Fed. Reg. 49462, 49466–67 (Oct. 25, 2017) (including consideration of whether claimant lacks awareness of their need for treatment or whether claimant discontinued medication because of side effects).

Second, the ALJ appeared to credit statements Hornsby made to providers concerning his employment history, educational background, and plans for extensive international travel without acknowledging his documented tendency toward grandiosity or considering the validity of these statements in light of his mental health condition. For instance, Hornsby claimed to have worked as a Department of Defense contractor after 2004, while Social Security records showed he had no earnings after that year. Similarly, Hornsby told a non-psychiatric care provider that he had obtained a master's degree in business administration and had contemplated attending law school, despite Hornsby's testimony indicating that he struggled to obtain an associate's degree.

The substantial evidence standard is "deferential," but here the ALJ needed to do more to determine the accuracy of Hornsby's self-reporting, specifically whether his description of his capabilities was a manifestation of his mental illness. *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018); *Obrien v. Bisignano*, 142 F.4th 687, 705 (9th Cir. 2025) (explaining an "ALJ's decision [wa]s not supported by substantial evidence" where "additional development of the record by the ALJ [wa]s required").

We **VACATE** the district court's opinion and **REMAND** for further development of the record.